UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIRTISH N. PATEL,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civil Action No. 18-14628 (SDW)<br><br>**OPINION** |

APPEARANCES:

KIRTISH PATEL, PRO SE
14 Harvest Way
Denville, NJ 07834

BARRY PATRICK O'CONNOLL, Assistant United States Attorney
United States Attorney's Office
970 BROAD STREET
NEWARK, NJ 07102
  On Behalf of Respondent

**WIGENTON**, District Judge

Presently before the Court is Petitioner Kirtish Patel's ("Petitioner") motion to alter or amend judgment, under Federal Rule of Civil Procedure 59(e), of this Court's opinion and order denying his amended motion to vacate sentence under 28 U.S.C. § 2255 (ECF No. 64), the Government's letter brief in opposition to Petitioner's motion to alter or amend judgment (ECF No. 69), and Petitioner's reply brief (ECF No. 73). For the reasons set forth below, this Court will deny Petitioner's motion to alter or amend judgment.

**I.   FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

**A.   Legal Standard**

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. "The

scope of a motion for reconsideration [under Rule 59(e)]… is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).  Such a motion may be granted only on "one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks omitted) (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).  Only evidence that was not previously available is "new evidence" for Rule 59(e) review.  *Id.* at 415-16.  "'Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment.'"  *Id.* at 416 (quoting *Howard*, 533 F.3d at 475). Reconsideration of a judgment is an extraordinary remedy.  Therefore,

> such requests are to be granted "sparingly," *Maldonado v. Lucca*, 636 F.Supp. 621 (D.N.J. 1986); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, [*Federal Practice and Procedure:  Civil 2d*] § 2810.1, and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. *Pelham v. United States*, 661 F.Supp. 1063, 1065 (D.N.J.1987).

*P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352–53 (D.N.J. 2001).

**B.      Discussion**

In his motion to alter or amend judgment, Petitioner incorporates by reference his co-defendant Nita Patel's motion to alter or amend judgment and supporting documents filed in her motion to vacate sentence under 28 U.S.C. § 2255, Civil Action No. 17-7485.  (ECF No. 64-1 at 2-3.)  This Court addressed the issues raised in Ms. Patel's motion to alter or amend judgment, and therefore, incorporates by reference the opinion denying Ms. Patel's motion in Civil Action No. 17-7485.  *Patel v. United States*, Civil Action No. 17-7485(SDW) (D.N.J. Opinion, ECF No.  67).

Petitioner does not allege an intervening change in controlling law or present new evidence that was not available when this Court denied his amended § 2255 motion.  Thus, to alter or amend

2

judgment, Petitioner must show a clear error of law or fact or the need to prevent manifest injustice. This Court addressed all issues raised in Petitioner's counseled amended § 2255 motion and his supplement thereto, and explained why Petitioner would not be permitted to file a second declaration raising new factual and legal issues, five months after Petitioner filed his reply brief. Petitioner also contends that this Court erred by failing to require Petitioner's trial counsel to submit an affidavit in opposition to Petitioner's allegations of ineffective assistance of counsel. An affidavit of defense counsel was not necessary to determine Petitioner's ineffective assistance of counsel claims on the record.  Finally, this Court addressed Petitioner's claim regarding the "Proper Loss Calculation" document that the Government was unable to produce in Petitioner's FOIA litigation.  Petitioner's motion to alter or amend judgment is an attempt to relitigate issues decided by this Court.  Because Petitioner has failed to state a cognizable basis for reconsideration of this Court's opinion and order denying his amended § 2255 motion,  this Court need not address the Government's brief filed in opposition to the motion or Petitioner's reply brief.  Therefore, the motion to alter or amend judgment will be denied.

## II.     CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's conclusion that Petitioner is not entitled to alter or amend judgment upon entry of this Court's opinion and order denying his amended § 2255 motion, no certificate of appealability shall issue.

### III.   CONCLUSION

For the reasons discussed above, this Court will deny Petitioner's motion to alter or amend judgment, and deny a certificate of appealability.

An appropriate order follows.

Date:  September 27   , 2023

_____
Hon. Susan D. Wigenton,
United States District Judge